# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **HEDSTROM CORPORATION**, *et al.*, | ) Case No. 04-38543 |
| | ) |
| | ) (Jointly Administered) |
| **Debtors.** | ) |
| | ) Hon. Jack B. Schmetterer |
| | ) |
| **HEDSTROM CORPORATION**, *et al.*, | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Adv. No. 05-01619 |
| | ) |
| **PYRAMID STORAGE & HANDLING INC.** | ) |
| | ) |
| **Defendant** | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having received a sworn declaration filed by the Plaintiffs, Hedstrom Corporation, Ero, Inc., Ero Industries, Inc., Ero Canada, Inc. and Priss Prints, Inc. (individually and collectively, "Plaintiffs" or the "Debtors"), and having entered an Order of Default on December 13, 2005, in favor of the Plaintiffs and against Pyramid Storage & Handling Inc. ("Defendant"), this Court now makes the following Findings of Fact and Conclusions of Law:

### I. FINDINGS OF FACT

1. On October 18, 2004 (the "Petition Date"), the Debtors filed related, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

2. On May 13, 2005, counsel for Plaintiffs sent a demand letter to Defendant requesting the return of certain preferential transfers in the aggregate amount of $24,865.89 (the

{4625 MOT A0101764.DOC 2}

"Transfers") made by the Debtors to or for the benefit of Defendant within the ninety (90) days prior to the Petition Date, pursuant to 11 U.S.C. §§ 547 and 550.

3. Defendant failed to respond to the demand letter.

4. On or about July 19, 2005, Plaintiffs initiated the instant adversary proceeding by filing a complaint (the "Complaint") against Defendant to recover the Transfers.

5. On July 19, 2005, the Clerk of Court issued a summons to Defendant and Plaintiffs served a copy of a summons and the Complaint on Defendant via United States Mail, postage prepaid pursuant to Fed. R. Bankr. 7004.

6. In addition, on September 30, 2005, an alias summons was issued by the Clerk of the Court to Defendant and Plaintiffs served a copy of the alias summons and the Complaint on Defendant via United States Mail, postage prepaid pursuant to Fed. R. Bankr. 7004.

7. As of the date of the filing of this Motion, Defendant has failed to answer or otherwise plead to the Complaint.

8. The Transfers have never been repaid to the Debtors' estates.

9. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtors, on account of antecedent debts due and owing from the Debtors to Defendant before the Transfers were made.

10. At the time each of the Transfers was made, the Debtors' financial condition was such that the sum of its debts was greater than all of its property, at a fair valuation.

11. The Transfers enabled Defendant to receive more on account of antecedent debts than Defendant would have received if, as of the date of each such payment, the Debtors had commenced a case under chapter 7 of the Bankruptcy Code, the particular Transfers had not been

made and Defendant received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

12. The allegations of the Complaint, which are taken as admitted as a result of Defendant's default in this cause and are supported by the Declaration of Wayne J. Rudis, the Controller of the Defendant, establish that the Defendant (1) was a creditor of the Debtors; (2) received the Transfers from the Debtors' funds on or before ninety (90) days prior to the Petition Date while the Debtors were insolvent; (3) received Transfers for or on account of an antecedent debt owed by the Debtors before such Transfers were made; and (4) received more on account of the antecedent debt than it would have received in a hypothetical chapter 7 liquidation.

## II.    CONCLUSIONS OF LAW

A. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 157 and 1334 because this proceeding arises in and is related to the Cases.

B. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

C. The underlying bankruptcy proceeding of the Defendants is pending before this Court. Accordingly, venue of this adversary proceeding is proper in this Court under 28 U.S.C. §1409(a).

D. Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent during the ninety (90) days preceding the Petition Date and at the time they made the Transfers.

E. Plaintiffs have met their burden of proving that the Transfers are avoidable under 11 U.S.C. § 547(b) and as required by 11 U.S.C. § 547(g).

F. Plaintiffs are entitled to a judgment against Defendant under 11 U.S.C. § 547(b).

{4625 MOT A0101764.DOC 2}

G. Defendant is either "(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) [an] immediate or mediate transferee of such initial transferee," as set forth in 11 U.S.C. §§ 550(a)(1) and (2).

H. Pursuant to 11 U.S.C. § 550(a), Plaintiffs are entitled to recover, from Defendant and for the benefit of the Debtors' estates, the value of the Transfers.

DATED this 15th day of December, 2005.

By: _____
United States Bankruptcy Judge

**_Prepared By:_**

Richard A. Saldinger (#6209930)
Matthew A. Swanson (#6273133)
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

{4625 MOT A0101764.DOC 2}